# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1637

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth Redd, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 7, 2007
Filed: March 15, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Kenneth Redd guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); attempting to tamper with evidence, in violation of 18 U.S.C. § 1512(b)(2)(B); and attempting to obstruct justice, in violation of 18 U.S.C. § 1512(c)(2). The district court[1] sentenced him to a total of 240 months in prison and 3 years of supervised release. On appeal, Redd argues that it violated the Sixth Amendment for the district court to find the fact of his prior convictions and their nature as violent felonies, which subjected him as an armed career criminal to

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

enhanced statutory and Guidelines penalties. Our precedent holds to the contrary. See United States v. Headbird, 461 F.3d 1074, 1079 (8th Cir. 2006) (district court has authority to find both existence and nature of prior convictions that trigger armed-career-criminal enhancements; Almendarez-Torres v. United States, 523 U.S. 224 (1998), remains good law, unaffected by United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005)). Accordingly, we affirm the judgment of the district court.

_____